IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00231-BO

**Thomas E. Perez, Secretary of Labor,**
**United States Department of labor**

　　　　　　　Plaintiff,

v.

**Del Sol Partnership 2, Inc., and Pablo**
**Salgado, an individual.,**

　　　　　　　Defendants

**Scheduling Order**

　　　　After considering pleadings and the Rule 26(f) Report submitted by the parties (D.E. 15), the Court enters the following scheduling order:

**1.　　　Scope of Discovery**

　　　　The scope of discovery in this matter is limited to the issues identified in Paragraph 3(a) of the Rule 26(f) Report.

**2.　　　Initial Disclosures**

　　　　If the parties have not already done so, they will make the initial disclosures required by Rule 26(a)(1) by Thursday, September 08, 2016.

**3.　　　Discovery Plan**

　　　　a.　　　All discovery shall be initiated in time to be completed by Friday, March 17, 2017.

　　　　b.　　　Any objection to Interrogatories or Requests for Production shall be stated with particularity.  Boilerplate objections (e.g. objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence") may be treated as a failure to answer pursuant to Rule 37(a)(4).

　　　　c.　　　Each side may take up to 20 depositions, including expert witnesses and depositions pursuant to Rule 30(b)(6).  Absent a court order or stipulation by the parties, the length of each deposition shall be limited to seven hours on one day.  Time taken or breaks and recesses shall not count towards the seven hour limit.

**4.**     Supplementation required under Rule 26(e) shall occur as timely as possible but no later than thirty (30) days after the discovery of the need to supplement or amend a disclosure under Fed. R. Civ. P. 26(a) or an answer to discovery

### 5.     Expert Reports

a.     The parties shall make the disclosures required by Rule 26(a)(2) on the following schedule:

i.     Initial disclosures shall be made no later than Friday, December 16, 2016.

ii.     Rebuttal disclosures shall be made no later than Friday, January 20, 2017.

### 6.     Amendment of Pleadings and Addition of Parties

a.     Except as provided by Rule 15(a), the parties must obtain leave of court to amend the pleadings or add parties.

b.     The Plaintiff shall file a motion to amend the pleadings or join additional parties no later than Friday, October 07, 2016.

c.     The Defendant shall file a motion to amend the pleadings or join additional parties no later than Monday, November 07, 2016.

### 7.     Dispositive Motion Deadline

The parties shall file any dispositive motions by Monday, April 17, 2017.  The timing of responses and replies shall be governed by this court's local rules.

### 8.     Alternative Dispute Resolution

a.     The parties shall participate in a mediated settlement conference prior to the end of the discovery period.  The parties shall file a statement identifying an agreed-upon mediator within 21 days from the date of this order. If the parties fail to notify the court of their agreed-upon mediator by this deadline, the Clerk of Court may appoint a mediator.

b.     If a party or parties believe that this case should be exempted from the requirement to mediate, they may file a motion requesting an exemption.  The motion should reflect the position of any party that has not joined in the motion.  The court will consider the motion and determine, in its discretion, whether to grant the motion.

c.     If a party or parties believes that a form of alternative dispute resolution other than mediation, such as a summary trial or court-hosted settlement conference, would be beneficial, they may file a motion requesting to proceed in that manner.

9.      **Trial Date and Related Deadlines**

The trial date and related deadlines will be set by separate order at a later date.  However, the court reserves the right to schedule the case for trial as soon as 30 days after the dispositive motion deadline.

10.      **Discovery of Electronically Stored Information**

The parties have discussed certain anticipated issues relating to the disclosure or discovery of ESI and report to the Court the following:

a.      Relevant Information: At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of ESI that may be relevant to a claim or defense at issue:

i.      Documents and other records stored by Plaintiff' on its computers;

ii.      Documents and other records stored by Defendants or their employees on their computers;

iii.      Documents and other records stored by Defendant Pablo Salgado on his personal computer;

iv.      Electronic mail (including all electronic attachments) exchanged between the individuals identified in Appendix A to the Complaint and Defendants and/or any employees of Defendants;

v.      Any electronically stored information including but not limited to text messages, photos, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof), and social networking communications; and

vi.      Any other ESI that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes.

b.      Form of Production/Preservation: The parties agree that the aforementioned discoverable ESI will be produced in the form or forms in which the information is ordinarily maintained in the usual course of business or in reasonably usable form or form(s). The parties further agree that they will undertake a good faith effort to identify relevant ESI and will preserve any such information identified, but the parties agree that the parties will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to ESI or other records which have not been previously identified by the parties as relevant to this action.

c.      To the extent possible, the Parties agree to take good faith efforts to identify and preserve the metadata associated with electronic documentation.

**11.     Consent to Magistrate Judge Jurisdiction**

A United States magistrate judge is available to conduct all proceedings in this action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent and the district judge agrees that referral would be appropriate.  The consent form is available on the court's website.

The remaining portions of the Rule 26(f) Report that are not inconsistent with this Scheduling Order are approved and adopted by the court.

Dated:  August 26, 2016

Robert T. Numbers, II
United States Magistrate Judge