IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-231-BO

R. ALEXANDER ACOSTA,　　　　　　　）
Secretary of Labor, United States　　　　）
Department of Labor,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　v.　　　　　　　　　　　　　　　）　　　　**O R D E R**
　　　　　　　　　　　　　　　　　）
DEL SOL PARTNERSHIP 2, INC., and　　）
PABLO SALGADO,　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　Defendants.　　　　　　　　）
_____）

This matter is before the Court on plaintiff's motion for summary judgment. [DE 33]. The motion is ripe for ruling. For the following reasons, plaintiff's motion is GRANTED.

## BACKGROUND

Defendant Del Sol Partnership 2, Inc. ("Del Sol") is a corporation based in North Carolina and owned by defendant Pablo Salgado. Through Del Sol, Salgado owns and operates two Del Sol Mexican Restaurants in Lumberton and Red Springs, North Carolina.

On November 20, 2014, the Wage and Hour Division of the Department of Labor began an investigation of defendants' pay practices. As a result of this investigation, the Wage and Hour Investigator determined that fifteen employees and former employees were owed back wages. The Secretary of Labor filed suit in this Court on May 5, 2016, alleging that defendants had violated §§ 6, 711(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938. 29 U.S.C. §§ 201-219.

Defendants filed their answer on July 12, 2016, [DE 11], and Magistrate Judge Numbers entered a scheduling order on September 26, 2016. [DE 16]. Defendants' counsel moved to withdraw from representation on February 15, 2017, citing an irreconcilable breakdown in the attorney-client relationship. [DE 20]. That order was granted on March 3, 2017, and Defendant Del Sol, as a corporation, was directed to retain new counsel. [DE 23]. Since then, defendants have not appeared. They did not respond to plaintiff's First Request for Admissions and have not answered other correspondence from plaintiff. Plaintiff moved for summary judgment on September 22, 2017, relying on defendant's answer, the declaration of Wage and Hour Investigator Houng, and plaintiff's unanswered request for admissions.[DE 30].

## ANALYSIS

I.  Legal Standard

Plaintiff has moved for summary judgment. Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cox*, 249 F.3d at 299.

One problem with an unopposed motion for summary judgment, as here, is that there is no presentation of the facts apart from that of the moving party. To correct this imbalance, a district court bears the responsibility of carefully reviewing such a motion, to ensure that summary judgment is in fact warranted as a matter of law despite the opposing party's failure to respond. *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

Unanswered requests for admissions are considered admitted as a matter of law. Fed R. Civ. P. 36(a); *Batson v. Porter*, 154 F.2d 566, 568 (4th Cir. 1946); *see also Vales v. Preciado*, 809 F. Supp. 2d 422, 426 (D. Md. 2011) ("Unanswered requests for admissions may properly serve as a basis for summary judgment."). As defendants did not respond to plaintiff's request for admissions, those admissions, as well as facts admitted in defendants' original answer, are properly relied upon both by plaintiff's statement of undisputed material facts in its motion for summary judgment and this Court's granting of that motion.

II. The Fair Labor Standards Act

The Fair Labor Standards Act provides certain wage-related guarantees for covered employees. Those employees must be paid above a certain minimum wage, and overtime hours worked—hours in excess of the standard 40-hour work week—must be compensated at one and one-half times the normal hourly rate. 29 U.S.C. §§ 206 and 207. Covered employers are required to keep complete and accurate payroll and timekeeping records. 29 U.S.C. §§ 211(c) and 215(a)(5). When employers violate these provisions, they can be liable for back wages and liquidated damages, as well as be enjoined from continued violations. 29 U.S.C. § 216(c) and 217. Affected employees can bring suit under the FLSA, or such an action can be brought by the Secretary of the Department of Labor, as was done here. *See* 29 U.S.C. §216(b)-(c).

Therefore, for summary judgment to be appropriate, there must be no genuine issue of material fact as to the following: that defendants Salgado and Del Sol are a covered employer under the Act; that the employees in question are covered employees under the Act; that violations occurred; and that relief is warranted.

A. *Employer Status*

3

To be liable, defendants must be employers. *See* 29 U.S.C. § 216(b). This Court finds that they are. An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To employ is to "suffer or permit to work." 29 U.S.C. § 203(g). The Act is expansive and one who has "substantial control of the terms and conditions" of the work is an employer. *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

There are two defendants in this case: Pablo Salgado, the individual, and Del Sol, the corporation he owns. First, Salgado is an employer. He had ultimate hiring and firing authority at both of the restaurants in question and allocated their work to them. He was also deeply involved in the daily operation of the Lumberton restaurant. This level of control makes him an employer.

Second, Del Sol is an employer, because Del Sol, the fictional entity, is indistinguishable from Pablo Salgado the individual for the purposes of determining employer status. It will not always be the case that a corporation is an employer under FLSA merely because an officer of that corporation is one, or the reverse. *See, e.g., Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th. Cir. 2008). But here, the issue is not a complex one. Salgado, who has plenary authority to make decisions related to wages and hours, owns 99% of Del Sol. This level of control makes Del Sol an employer as well.

### B. *Employee Coverage*

Employees must be covered by the FLSA to merit protection. There are two lanes of coverage: individual, and enterprise.

Individual coverage applies to individual employees who themselves directly affect interstate commerce. *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943). Enterprise coverage applies to employees who work for an enterprise "engaged in commerce or in the production of goods for commerce" among the several states or between a state and another place. 29 U.S.C.

4

§§ 207(a)(1), 203(b). Regular interstate credit card transactions constitute interstate commerce for the purposes of the Act. *See* Opinion Letter, Fair Labor Standards Act (FLSA), 1999 WL 1002373 (Mar. 5, 1999).

Here, the restaurants are an enterprise that affects interstate commerce as the restaurants accepted major credit cards. The employees, who worked as cooks, kitchen helpers, dishwashers, servers and managers, were directly involved in the functioning of the enterprise as required by law. *See Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). The restaurant employees are covered under the FLSA.

*C. Violations*

As the FLSA applies, the issue now becomes whether violations occurred. This Court finds that they did. Defendants violated the overtime, minimum wage, and recordkeeping provisions of the Act.

Employers must compensate covered employees at the rate of one and a half times their normal hourly rate for all hours worked in excess of the standard forty-hour work week. 29 U.S.C. § 207(a). Here, defendants paid employees the same wage no matter how many hours they worked, and so they violated the Act.

Second, the FLSA has specific rules regarding compensation for employees who receive tips. 29 U.S.C. § 203(m). This practice is called the tip credit, and it lets employers partially use employee tips as wages. Employers must pay employees at least $2.13 an hour in cash, but the difference between that and the required minimum wage can be made up by tips. *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442, 447 (4th Cir. 2015). Both arrangements where an employee keeps all of his or her tips and where a 'tip pool' is used are permissible. *Id.*

Defendants' tipped employees only worked for tips. Employers must pay at least $2.13 an hour, and so defendants violated the Act.

Finally, employers are required to keep accurate and complete payroll and timekeeping records. 29 U.S.C § 211(c). Defendants did not keep records of the tips its servers earned, nor did defendants use a payroll system for all of its employees. Therefore they violated the Act.

*D. Statute of Limitations*

There is generally a statute of limitations of two years for actions brought under the FLSA's wage provisions. 29 U.S.C. § 255(a). There is a longer, three-year statute of limitations for violations that are "willful." *Id.*

Willfulness means an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Reckless disregard means the "failure to make adequate inquiry into whether conduct is in compliance" with the law. 5 C.F.R. § 551.104. Evidence of willfulness includes destroying or withholding records, or otherwise attempting to impede an FLSA investigation.

Here, the facts indicate Pablo Salgado deliberately attempted to conceal his failure to follow the FLSA. He underreported the number of employees, instructed them not to cooperate with the investigation, told servers he would reduce their hours if they asked for an hourly wage, did not pay out credit card tips, and maintained incomplete payroll records. He never claimed to be ignorant of the relevant laws.

For these reasons, this Court holds that defendants' conduct was willful and the three-year statute of limitations applies. As the instant suit was filed on May 5, 2016 and the investigative period began on January 1, 2014, the entire period is available for the computation

of damages. If this Court had not made a finding of willfulness, then damages would only be available from May 5, 2014 through the end of the investigative period.

    III.    Relief

    *A. Back Pay*

When the overtime and minimum wage provisions of the FLSA are violated because employees are underpaid, back wages are awarded to employees for the period in question. Because back wages are compensatory, not punitive, they are calculated from what was properly owed to employees. In order to resolve this case at the summary judgment stage, plaintiff has only moved for damages for the span of the investigative period, from January 1, 2014 to November 25, 2014. [D.E. 30 at 14 n. 4]. Back pay calculations here are therefore limited to that period of time.

When an employer has followed the recordkeeping provisions of the FLSA, those records are used to prove, by a preponderance of the evidence, whether employees performed work for which they were not properly paid. *Anderson v. Mt. Clemens Pottery Co*, 328 U.S. 680 (1946) (*superseded in part on other grounds*, 29 U.S.C. § 251 *et seq.*). When employer records do not exist, because an employer did not keep them or perhaps destroyed them, the Secretary's burden of proof as to hours worked is lessened. *See Martin v. Deiriggi*, 985 F.2d 129, 132 (4th Cir. 1992). In that situation, the plaintiff must show by just and reasonable inference that the wages paid did not meet the standards of the FLSA. *Id.*; *see also Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993).

Here, employee interviews formed the backbone of Wage and Hour Investigator Houng's calculations. Defendants did not keep or provide records, apart from the payroll record listing

7

only three employees. Because of this, the Court finds that the inferences in the investigator's calculations were just and reasonable, and that the back wage totals are appropriate.

Investigator Houng, based on both signed and unsigned employee interviews, calculated the overtime and minimum wages owed the employees at both restaurants. Because defendants did not pay any cash wage to their tipped employees or inform them that their tips would be used to offset defendants' minimum wage obligations, no tip credit could be applied against those employees' back wages. Therefore, the tipped employees are owed $7.25 an hour for every hour worked during the recovery period.

Defendants had multiple opportunities to respond to these calculations, both throughout this lawsuit and during the earlier investigation. They have not done so. The total damages calculated equal $72,442.60 for the recovery period, and are awarded in full.

## B. Liquidated Damages

Damages, when awarded, are done so on top of back wages, in an amount equal to the calculated back wages. 29 U.S.C. § 216(b). A court may decline to award these damages if an employer shows that the FLSA violation in question was done in good faith or on the basis of reasonable grounds. 29 U.S.C. § 260; *McFeeley v. Jackson Street Entertainment, LLC*, 825 F.3d 235, 245 (4th Cir. 2016). The burden of showing this lies with the employer. In the Fourth Circuit, establishing either good faith or reasonable grounds, measured objectively, is sufficient to avoid damages. *Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 132 (4th Cir. 2015) (citing 29 C.F.F. § 790.22(c)).

Here, if defendants had either objective good faith or objectively reasonable grounds for their FLSA violations, liquidated damages would not be appropriate. The Fourth Circuit has repeatedly drawn this line between employers who took "conscious and proactive steps to

8

comply with the FLSA" and those who did not. *Acosta v. Team Environmental LLC*, 2017 WL 6734169 (S.D. W. Va. Dec. 29, 2017) (collecting cases). Without that, the Court is not free to decline to award liquidated damages. Defendants here have not shown they have taken either conscious or proactive steps towards FLSA compliance and so cannot demonstrate either good faith or reasonable grounds.

A lack of willfulness is evidence of good faith, *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 376 (4th Cir. 2011), and the converse is true, too. A finding of willfulness on the statute of limitations question does not preclude a finding of good faith on the damages question as a matter of law, but as a matter of logic, it would be difficult for an employer to thread that needle. Here, the same facts that provide a basis for this Court's finding of willfulness also indicate that defendants did not take conscious and proactive steps toward compliance. The Court holds defendants have not made a showing of good faith such that liquidated damages may be avoided, and so awards an additional $72,442.60 in liquidated damages.

### C. *Prospective Relief*

Plaintiff has asked this Court to grant a permanent injunction against defendants, as authorized by 29 U.S.C. § 217. "An injunction in this type of case is not a burdensome thing; it simply requires the employer to obey the law." *Hodgson v. Approved Pers. Serv.*, 529 F.2d 760, 764 (4th Cir. 1975). Such injunctions are appropriate in the FLSA context when there is a risk of recurring violations. Plaintiff is DIRECTED to file with this Court what measures the Secretary seeks in the requested injunction. This Court grants thirty (30) days from the entry of this order to file the same.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for Summary Judgment is GRANTED. Judgment will be entered following the disposition of the issue of injunctive relief.

SO ORDERED. This __14__ day of February, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE